UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GEOSYNFUELS, LLC, | ) | CASE NO. 1: 10 CV 619 |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| JOSEPH T. GORMAN, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

This matter is before the Court on Motions for Summary Judgment. In particular, currently pending before the Court is a Motion for Summary Judgment filed by Plaintiff Geosynfuels, LLC (ECF # 22), and a Cross-Motion for Summary Judgment filed by Defendant Joseph T. Gorman (ECF # 23). For the reasons set forth below, Plaintiff's Motion for Summary Judgment is GRANTED, and Defendant's Cross-Motion for Summary Judgment is DENIED.

## I. BACKGROUND

On March 24, 2010, Plaintiff filed a single-count Complaint against Defendant. (ECF # 1.) In the Complaint, Plaintiff alleges that it is a company engaged in developing technology to produce ethanol at a lower cost than current methods allow. (*Id.* at ¶ 6.) According to Plaintiff, it has attempted to raise funds to construct a pilot plant and engage in other development activities by selling interests in it through private placements. (*Id.* at ¶ 7.) Plaintiff asserts that, on December 9, 2009, it entered into a Subscription Agreement with Defendant, wherein Defendant agreed to pay Plaintiff the sum of $255,000 for 7,500 common shares. (*Id.* at ¶ 9.) Plaintiff claims that, despite its own compliance with the Subscription Agreement, and Defendant's willing signature on the same, Defendant has failed to pay it the funds required thereunder. (*Id.* at ¶ 12.) Accordingly,

Plaintiff has filed the instant Complaint seeking, *inter alia*, $255,000 in damages based upon Defendant's alleged breach of contract. (*Id.* at ¶ 14.)

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 252). Moreover, if the evidence presented is "merely

colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted). In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252. However, if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.*

Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible. The Sixth Circuit has concurred with the Ninth Circuit that "'it is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.'" *Wiley v. United States*, 20 F.3d 222, 225-26 (6th Cir. 1994) (quoting *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988)). FED. R. CIV. P. 56(e) also has certain, more specific requirements:

3

> [Rule 56(e)] requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify. Rule 56(e) further requires the party to attach sworn or certified copies to all documents referred to in the affidavit. Furthermore, hearsay evidence cannot be considered on a motion for summary judgment.

*Wiley*, 20 F.3d at 225-26 (citations omitted). However, evidence not meeting this standard may be considered by the district court unless the opposing party affirmatively raises the issue of the defect.

> If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and [the Sixth Circuit] will review such objections only to avoid a gross miscarriage of justice.

*Id.* at 226 (citations omitted).

As a general matter, the district judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson*, 477 U.S. at 248. The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 249. The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.*

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250. It is with this standard in mind that the Motions for Summary Judgment shall be decided.

### III. DISCUSSION

Section 1.2 of the Subscription Agreement requires Defendant to fully complete the

Agreement and, upon the execution thereof, to deliver to Plaintiff two copies "and the Purchase Price." (ECF # 1, Ex. A at Section 1.2.) The Subscription Agreement then provides that, "as soon as practicable after receipt" of those items, Plaintiff shall notify Defendant whether the Subscription has been accepted. (*Id.* at Section 1.3.) If it is accepted, the same provision requires Plaintiff to deliver a fully executed copy of the Subscription Agreement to Defendant. (*Id.*) New York law governs the construction and enforcement of the Subscription Agreement. (*Id.* at Section 4.5.)

In this case, Defendant argues that, because no contract existed between the parties, he is entitled to judgment as a matter of law. (ECF # 23 at 1.) More specifically, Defendant asserts that a binding contract could not have been created until he paid the purchase price, and Plaintiff notified him whether the Subscription had been accepted and delivered a fully executed copy of the Subscription Agreement to him. (*Id.* at 2-3.) Defendant does not dispute that he fully completed the Subscription Agreement, including placing his signature on it, and that he failed to tender the purchase price. (*Id.* at 6.) Indeed, Defendant claims that his failure to tender the purchase price, in addition to Plaintiff's failure to "expressly notify him of its acceptance of his Subscription" and to "provide him a fully-executed countersigned copy of the Agreement," means that there never was a contract entered into between the parties. (*Id.* at 3-6.) According to Defendant, because there was no contract, a cause of action may not be asserted based upon an alleged breach. (*Id.* at 8.)

The sole issue before this Court is whether a contract existed between the parties in the form of the Subscription Agreement. In order to create a binding contract under New York law, "there must be a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms." *Tractebel Energy Marketing, Inc. v. AEP*

5

*Power Marketing, Inc.*, 487 F.3d 89, 95 (2d Cir. 2007). If a condition precedent must occur before performance arises under the terms of the contract, the nonoccurrence of the condition may provide relief to contractual liability in some circumstances. *See Cauff, Lippman & Co. v. Apogee Finance Group, Inc.*, 807 F. Supp. 1007, 1022 (S.D.N.Y. 1992). This is not true, however, if the nonperformance was caused by one of the parties to the contract. *See id.* Stated differently, where the performance of a condition precedent is under the control of a party, that party cannot rely on the nonoccurrence of the condition to defeat its contractual obligations. *See id.*

In this case, it is evident that there was a manifestation of mutual assent sufficiently definite to assure that the parties agreed to all material terms in the Subscription Agreement. Such mutual assent is demonstrated by the undisputed fact that Defendant completed, signed, and returned the Subscription Agreement to Plaintiff. Nevertheless, Defendant is attempting to use his non-performance under the contract, namely his failure to pay the purchase price, to assert that the Subscription Agreement is unenforceable. Defendant's completion, signature, and return of the Subscription Agreement created a binding and enforceable contract, and the relevant law makes clear that he may not render the contract unenforceable by failing to perform a condition precedent. Because the record reflects a meeting of the minds, a contract was formed, and Defendant undisputedly failed to perform thereunder, the Court finds that Defendant breached the Subscription Agreement as a matter of law. On this basis, Plaintiff's Motion for Summary Judgment is GRANTED, and Defendant's Cross-Motion for Summary Judgment is DENIED.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment is GRANTED (ECF # 22), and Defendant's Cross-Motion for Summary Judgment is DENIED (ECF # 23).

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATE December 13, 2010